# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM P. GARVIN, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. 2:17-CV-191 |
| HEARTLAND AUTOMOTIVE LLC, | ) ) ) |
| Defendant | ) |

## *PLAINTIFF'S COMPLAINT FOR DAMAGES*

### *I. INTRODUCTION*

Plaintiff William P. Garvin ("Garvin") is pursuing an overtime compensation claim against his former employer, Defendant Heartland Automotive LLC ("Heartland") under the Fair Labor Standards Act ("FLSA"), 29 USC § 201 *et seq*. Heartland misclassified Garvin as an overtime exempt employee when it promoted him to a position it called "Team Lead." Heartland owes Garvin multiple thousands of dollars in unpaid premium overtime compensation for hours Garvin worked each week in excess of forty hours when he was a Team Lead.

### *II. FACTUAL ALLEGATIONS*

1. Garvin is a resident of the State of Indiana, and is domiciled in Greencastle, Putnam County, Indiana.

2. On its website, Heartland describes itself as follows: "Heartland Automotive is a manufacturer of interior and exterior automotive parts. Our products include plastic molded, painted and assembled parts. These parts are used in Instrument Panels, Door Panels, Consoles, Pillars, Head Liners, Aprons and Rear Gates and Exterior Cladding."

3. Garvin worked for Heartland at its Greencastle, Putnam County, Indiana facility.

Heartland hired Garvin in approximately December 2011. In later 2014 or early 2015, Heartland promoted Garvin to a position it called "Team Lead." Garvin continued to work for Heartland until the date of his wrongful termination on or about January 20, 2017.

4.     When promoted to the Team Lead position, Garvin began to routinely work significantly more than forty (40) hours per work week. In fact, Garvin often worked, fifty (50), sixty (60) or more hours per work week as a Team Lead. During this time, Heartland did not pay Garvin at the FLSA-required overtime premium rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty (40) hours each of these work weeks. Garvin is owed significant overtime compensation for the period of time from his promotion to Team Lead until the date in later 2016 that Heartland corrected (prospectively) the matter and began to properly pay Garvin overtime compensation.

5.     To provide detail, Heartland was paying Garvin $720.00 gross per week for hours of work up to forty-five (45) in the work week. On Garvin's pay stub, however, Heartland would simply report that Garvin was paid "Regular" wages at a "rate" of "18.0000" ($18.00 per hour) for "hours" of "40.00." For any hours Garvin worked in excess of forty-five (45) hours during a work week, Heartland would pay Garvin at his "Regular" rate of pay of $18.00 per hour in a pay roll category Heartland listed on the pay stub as "Salovrtime." Heartland was not paying Garvin at an overtime rate of pay of at least $27.00 per hour (one and one-half times his regular rate of $18.00 per hour) for his work in excess of forty (40) hours per work week. Moreover, Heartland failed to pay Garvin any wage at all, much less a wage at an overtime rate of pay, for his hours of work between forty (40) and forty-five (45) hours each work week.

6.     Based simply upon the "Salovrtime" entries on Garvin's pay stubs, Heartland underpaid overtime compensation to Garvin for significantly more than 500 overtime hours

worked in calendar years 2015 and 2016. Moreover, based upon Heartland's wage scheme in which it paid nothing to Garvin for hours he worked between forty (40) and forty-five (45) each (meaning, most, if not all, workweeks) work week, Heartland owes additional wages and overtime compensation for between 300 and 500 overtime hours worked in calendar years 2015 and 2016.

7. While not required to do so in this Complaint, Garvin expressly asserts that he was not exempt from the Fair Labor Standard's Act's minimum wage and overtime protections. As a Team Lead, Garvin provided manual labor in a factory setting. Manual labor was Garvin's primary duty. Garvin had no authority to hire or fire any employees. During his entire employment as a Team Leader, Garvin did not participate at all in any hiring or firing decisions. In fact, Garvin did not even participate in interviews of potential employees. Garvin did not evaluate the employees on his team. He played no role in any decisions regarding employee promotions or pay raises. Garvin did not even have authority to discipline any employee on his own. Garvin would receive his work instructions from an assistant production supervisor and would convey those instructions to other members of his team. Instead, Garvin worked side by side with the members of his team and performed the same physically challenging manual labor as the other team members.

8. Some time in the second half of calendar year 2016, Heartland corrected its FLSA classification of Garvin and began paying Garvin at the proper overtime rate of pay for hours he worked in excess of forty each work week. For purposes of this litigation, Garvin seeks to recover all unpaid wages, premium overtime compensation and liquidated damages owed to him by Heartland for all periods of time within the FLSA's three (3) years statute of limitation, from the week Garvin became a Team Lead through the last week before Heartland corrected Garvin's

classification under the FLSA in later 2016 and actually began properly paying overtime compensation at an overtime premium rate.

9. As described above, Heartland owed premium overtime compensation to Garvin in his Team Lead role in each and every work week in which he exceeded forty hours of work. Garvin routinely worked in excess of forty hours in virtually every week he was employed as a Team Lead. To provide specific details, based upon old pay stubs he could locate, Garvin can expressly state that he worked more than forty hours as a Team Lead in the following weeks: pay period ending June 19, 2016, pay period ending October 25, 2015, pay period ending October 11, 2015, pay period ending August 2, 2015, and the pay period ending April 10, 2016.

10. As described above, based upon the significant cumulative number of overtime hours he worked as a Team Lead, Garvin believes and alleges herein that Heartland owes him many thousands of dollars in wages and premium overtime compensation.

11. By way of this Complaint, Garvin is seeking all unpaid wages, premium overtime compensation and liquidated damages available to him under the FLSA. He is also seeking payment of his reasonable attorney's fees, costs and expenses.

12. As described above, Heartland very definitely, deliberately, intentionally, recklessly and knowingly violated Garvin's rights to be properly paid overtime compensation under the FLSA.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201, as Garvin's FLSA claims raise questions of federal law.

14. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## IV. FAIR LABOR STANDARDS ACT CLAIMS

15. Garvin incorporates herein by reference paragraphs 1 through 12 above.

16. Heartland is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Heartland is an "employer," as that term is defined by the FLSA. Finally, Heartland is a "person" as that term is defined by the FLSA.

17. Heartland has violated Garvin's right to be properly paid his overtime wages in a manner required by the FLSA.

18. Heartland's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification and warrants the application of the FLSA's three (3) year statute of limitations.

19. Garvin seeks all available damages, including unpaid wages, unpaid premium overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Heartland's violations of the Fair Labor Standards Act.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff William P. Garvin respectfully requests that the Court enter judgment against the Defendant Heartland Automotive LLC, holding Heartland liable to Garvin for violations of the FLSA, and issue to Garvin all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid wages, all unpaid premium overtime compensation, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP

By /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net